# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| FRANCISCO HERNANDEZ-PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-2038-JDT-cgc |
| | ) | |
| DR. PRINCE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On January 18, 2017, Plaintiff Francisco Hernandez-Perez, who at the time was incarcerated at the Federal Correctional Institution in Memphis, Tennessee (FCI Memphis), filed a *pro se* complaint under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1974). (ECF No. 1.) After Hernandez-Perez filed a properly supported *in forma pauperis* application, the Court issued an order on February 7, 2017, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendant as the FCI Memphis Medical Director, Dr. First Name Unknown Prince.

Hernandez-Perez alleges that on March 18, 2016, while performing his duties in the food services department, he slipped and fell. (ECF No. 1 at PageID 6.) Hernandez-Perez believes he slipped on water left on the floor from a spill or from mopping. (*Id.* at PageID

6-7.) There were no wet floor signs in the area. (*Id*. at PageID 7.) As a result of his fall, Hernandez-Perez injured his back. (*Id.*) Hernandez-Perez contacted his supervisor, Mrs. Garrison, who took Hernandez-Perez to the medical department. (*Id.*) Mrs. Garrison, who is not a party to this action, did not inform the medical staff that Hernandez-Perez did not speak English and needed an interpreter. (*Id.*) Therefore, Hernandez-Perez used gestures in an attempt to explain the injury to his back, "by using his hand pointing to his lower back and signaling to the floor that he had fallen." (*Id.*) The medical provider, without contacting an interpreter, dispensed ibuprofen and told Hernandez-Perez that he had only injured his hand. (*Id.*)

Hernandez-Perez continued to experience extreme pain in his back despite taking the ibuprofen and returned to the medical unit on April 13, 2016, taking with him an interpreter who was able to explain the slip and fall and Hernandez-Perez's recurring back pain. (*Id.*)[1] Medical personnel prescribed new medication and took x-rays. (*Id.*) Hernandez-Perez also underwent an MRI on July 13, 2016, which did not show any vertebral cracks or fractures but did reveal a protrusion at the L4 vertebra in the lumbar region of Hernandez-Perez's back. (*Id*. at PageID 7-8.) Hernandez-Perez alleges he saw

---

[1] Hernandez-Perez alleges that when his pain did not subside, he "returned to medical explaining that the ibuprofen prescribed was not working to ease his pain. It was not until April 13, 2016 that Mr. Hernandez-Perez was contacted by medical staff and he brought with him an interpreter to translate for him. . . ." (*Id.*) It is uncertain whether this means Hernandez-Perez went to medical on April 13th with his interpreter to explain the medication was not working and also was able to see a medical provider that same day, or whether he went to medical alone on an unspecified date before April 13th to explain he was still in pain and then was called to see a medical provider on April 13th, at which time he took an interpreter.

a neurologist on September 15, 2016, who recommended that Hernandez-Perez schedule an appointment with a neurosurgeon. (*Id.* at PageID 8.) At the time of filing, the Institution Utilization Review Committee, which is chaired by Dr. Prince and approves such treatment, had not yet given approval for Hernandez-Perez to see a neurosurgeon. (*Id.*)

Hernandez-Perez alleges that he filed an administrative remedy over the delay in additional treatment. (*Id.* at PageID 9.) Warden Batts and the Bureau of Prisons (BOP) Central Office responded that Hernandez-Perez was receiving medical care in accordance with BOP policy and that the Institution Review Committee had his case under consideration. (*Id.* at PageID 11, *see also* ECF 1-1 at PageID 18-19, 21.) Hernandez-Perez alleges that because of Dr. Prince's deliberate indifference in delaying treatment, he was not seen by a neurosurgeon in the ten months after his injury. (ECF No. 1 at PageID 11-14.) Hernandez-Perez now seeks compensatory damages in an unspecified amount. (*Id.* at PageID 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57

(2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Hernandez-Perez filed his complaint pursuant to *Bivens*, which provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no

alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

The gravamen of Hernandez-Perez's complaint is that Dr. Prince has been deliberately indifferent to Hernandez-Perez's serious medical need for back surgery. According to the complaint, Dr. Prince oversees the prison's medical review committee, and the medical review committee has failed to take any action on a neurologist's recommendation that Hernandez-Perez consult a neurosurgeon about his back. The Eighth Amendment's prohibition on cruel and unusual punishment governs Hernandez-Perez's claim. The Eighth Amendment deliberate indifference standard consists of both objective and subjective elements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective element requires that the deprivation be "sufficiently serious." *Id*. In the context of the denial of medical care, the objective element under *Farmer* requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Id.* at 897 (internal quotation marks omitted).

To establish the subjective element of the claim, a prisoner must show that a prison official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id*. at 835. A prison official cannot be found

5

liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards the risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not state a claim for deliberate indifference. *Id.* at 838.

In this case Hernandez-Perez's complaint fails to state a claim for deliberate indifference to a serious medical need. The complaint does not allege enough facts to show that Dr. Prince subjectively acted with deliberate indifference. Hernandez-Perez faults Dr. Prince for not acting quickly enough to refer him for a surgery consult. But a plaintiff's "desire for additional or different treatment does not by itself suffice to support an Eighth Amendment claim." *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017) (citing *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). And the grievances attached to the complaint show that Hernandez-Perez received x-rays, pain medication, an MRI, back support, a lower bunk pass, and a restriction from lifting weights over twenty pounds. (ECF No. 1-1 at PageID 21.) When a plaintiff has received some medical treatment, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Burgess v. Fischer*, 735 F.3d 462, 476 (6th Cir. 2013) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Furthermore, Hernandez-Perez's allegation of delay, standing alone, does not state a claim for deliberate indifference. Hernandez-Perez states that he received an MRI in June 2016 and that the neurologist first recommended that Hernandez-Perez see a neurosurgeon in September 2016. The Sixth Circuit has held that "delay of a recommended plan of treatment could constitute a constitutional violation if the doctor acted with

6

deliberate indifference to a serious medical need." *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013). However, "the mere existence of delay in receiving treatment" does not establish deliberate indifference. *Id.* at 593 (citing *Reilly v. Vadlamudi,* 680 F.3d 617, 625–27 (6th Cir. 2012)). A plaintiff must show more than just delay in treatment or acting on a recommendation in order to prove deliberate indifference. In this case there are no facts alleged to show how much time passed between the neurosurgeon's recommendation and when Dr. Prince first learned of the recommendation or that Dr. Prince's course of action reflects a deliberate indifference to Hernandez-Perez's serious medical needs. Without more facts to show that Dr. Prince delayed the recommended treatment plan with the subjective intent to disregard Hernandez-Perez's need for the surgery consult, the complaint fails to state an Eighth Amendment claim against Dr. Prince.

For the foregoing reasons, Hernandez-Perez's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with

due process and does not infringe the right of access to the courts."). In this case, the Court finds that Hernandez-Perez should be given an opportunity to file an amended complaint.

In conclusion, the Court DISMISSES Hernandez-Perez's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, Hernandez-Perez is GRANTED leave to file an amended complaint. Any amendment must be filed on or before August 22, 2019.

Hernandez-Perez is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Hernandez-Perez fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE