# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

FRANCISCO HERNANDEZ-PEREZ,     )
                                          )
      Plaintiff,                   )
                                          )
VS.                                 )          No. 17-2038-JDT-cgc
                                          )
DR. PRINCE,                   )
                                          )
      Defendant.          )

---

## ORDER TO MODIFY THE DOCKET, DISMISSING AMENDED COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

---

On August 1, 2019, the Court dismissed the *pro se* complaint filed by Plaintiff Francisco Hernandez-Perez and granted leave to file an amended complaint. (ECF No. 11.) On August 20, 2019, Hernandez-Perez timely filed an amended complaint, (ECF No. 12), which is now before the Court for screening.[1]

Hernandez-Perez realleges details about his slip-and-fall accident at the Federal Correctional Institution in Memphis, Tennessee (FCI Memphis), on March 18, 2016. (ECF No. 12 at PageID 58-59; ECF No. 11 at 50-51.) His supervisor Mrs. Garrison, who is not a defendant, took him to health services for treatment. (ECF No. 12 at 58.) He was given ibuprofen, but an unnamed "Ph (Doctor) in charge of the clinic" told Hernandez-Perez he had to buy further

---

[1] According to his amended complaint, and confirmed using the Bureau of Prisons inmate finder (https://www.bop.gov/inmateloc/, inmate number 07163-043), Hernandez-Perez is now located at the Federal Correctional Institution II in Oakdale, Louisiana (FCI Oakdale II). The Clerk is DIRECTED to modify the docket to reflect his current location.

medication for pain at the commissary. (*Id.* at 58-59.) After several days of "extre[m]e pain and suffering from not being able to walk straight," Hernandez-Perez went back to the medical clinic to explain his continuing pain. (*Id.* at PageID 59.) Hernandez-Perez notes that he had been unaccompanied by a translator during these visits, and he speaks no English. (*Id.*)

On April 13, 2016, the clinic contacted Hernandez-Perez, and he was seen for treatment with the aid of a translator. (*Id.*) Unspecified "Medical Staff" prescribed new medication and took x-rays of his back. (*Id.*) On April 21, 2016, Hernandez-Perez underwent further x-rays, which revealed mild scoliosis, narrowing of the discs in his back, and bone spurs. (*Id.*) On May 24, 2016, Hernandez-Perez submitted an administrative complaint about his accident and the resulting care. (*Id.*) Sometime later (Hernandez-Perez does not specify when), he was transferred to a facility in Edgefield, South Carolina, where he "continued [to receive] a bad Medial attention." (*Id.*) Seven months later, he was transferred again to FCI Oakdale II, where he currently remains. (*Id.* at PageID 60.) Hernandez-Perez provides no further details about his medical treatment at FCI Memphis.

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 11 at PageID 52-53), and will not be reiterated here.

As noted in the previous order, Hernandez-Perez filed his complaint under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1974). (*Id.* at PageID 53-54.) He now also includes a claim under the Federal Tort Claims Act (FTCA). The FTCA provides for a cause of action against the United States for personal injury suffered as a result of the negligence of a government employee. *Jackson v. United States*, 24 F. Supp. 2d 823, 832 (W.D. Tenn. 1998) (citing *Flechsig v. United States*, 991 F.2d 300, 303 (6th Cir. 1993); *see* 28 U.S.C. § 2679(b)(1). Liability of the United States under the FTCA "is governed by the law of the place where the

alleged tort occurred." *Id.* at 831 (citing *Ward v. United States*, 838 F.2d 182, 184 (6th Cir. 1988), 28 U.S.C. §§ 1346(b) & 2674, and *Richards v. United States*, 369 U.S. 1, 82 (1962)).

Hernandez-Perez's amended complaint provides no additional details about Dr. Prince's alleged treatment or delay that he believes violated his rights under the Eighth Amendment. He does not allege that Dr. Prince intentionally delayed treatment or disregarded a prescribed course of action in favor of inferior treatment. Hernandez-Perez does not even mention Dr. Prince in his amended complaint outside of the caption and his concluding paragraph. Therefore, for the same reasons discussed in the previous order of dismissal, (*see* ECF No. 11 at PageID 54-56), Hernandez-Perez fails to state a *Bivens* claim against Dr. Prince.

Nor does Hernandez-Perez state an FTCA claim. Although he correctly notes that the United States is the only proper party in an action under the FTCA, (ECF No. 12 at PageID 61), he does not name the United States as a Defendant in his amended complaint. Moreover, as with his *Bivens* claim, he fails to allege sufficient detail about Dr. Prince's actions to establish a basis for liability. To establish the liability of medical personnel under Tennessee Law, which governs Hernandez-Perez's FTCA claim, he must allege the following:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a); *see Jackson*, 24 F. Supp. 2d at 831 & n.6. Hernandez-Perez's allegations fall short of establishing any of these three elements. He does not allege what the standard of care was, how Dr. Prince failed to act in accordance with that standard, or how he was

injured because of Dr. Prince's failure to follow the standard. He therefore fails to state a claim under the FTCA.[2]

In conclusion, the Court finds that Hernandez-Perez's amended complaint also fails to state a claim on which relief can be granted. Therefore, this case is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Hernandez-Perez in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED that any appeal in this matter by Hernandez-Perez would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Hernandez-Perez nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Hernandez-Perez is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

---

[2] To the extent Hernandez-Perez wishes to sue any defendants at the facility in Edgefield, South Carolina, or FCI Oakdale II for his medical treatment there, he must file a separate complaint in the appropriate district in which those Defendants reside. 28 U.S.C. § 1391(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Hernandez-Perez, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.  This strike shall take effect when judgment is entered.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE